1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

MARY ANN YOUNG,

Plaintiff,

Case No. 18-cv-01721-DMR

8

9

v.

**ORDER ON MOTION FOR
ATTORNEYS' FEES**

10

NANCY A. BERRYHILL,

Re: Dkt. No. 27

11

Defendant.

12      Plaintiff Mary Ann Young filed a complaint seeking to reverse the Commissioner of the

13  Social Security Administration's administrative decision to deny her application for benefits under

14  Title II of the Social Security Act, 42 U.S.C. § 401 *et seq*.  The court granted Plaintiff's motion for

15  summary judgment and remanded the case for further proceedings.  [Docket No. 21.]  Following

16  remand, an Administrative Law Judge ("ALJ") found that Plaintiff is disabled and entitled to past-

17  due disability benefits.  Plaintiff's counsel Katherine Siegfried now moves for an award of attorneys'

18  fees under 42 U.S.C. § 406(b).  [Docket Nos. 27 ("Mot."), 29 ("Reply).]  The Commissioner filed

19  an analysis of the fee request.  [Docket No. 28 ("Response").]

20      Having carefully considered the parties' submissions, the court grants the motion.

21  **I.     BACKGROUND**

22      Plaintiff applied for Social Security Disability Insurance ("SSDI") benefits on January 28,

23  2014.  Her application was initially denied on June 3, 2014 and again on reconsideration on August

24  19, 2014.  Following a hearing, an ALJ issued a decision finding Plaintiff not disabled.  After the

25  Appeals Council denied Plaintiff's request for review, she appealed to this court.  The court granted

26  Plaintiff's motion for summary judgment and remanded the case for further administrative

27  proceedings.  [Docket No. 21.]  An ALJ issued a favorable decision and Plaintiff was awarded

28  approximately $154,692 in past-due disability benefits.  [Docket No. 27-4, Notice of Award.]

*United States District Court*
*Northern District of California*

1
2
3
4
5
6

The retainer agreement between Plaintiff and Siegfried permits Siegfried to request an attorneys' fees award of up to 25% of any past-due benefits awarded. [Docket No. 27-3, Retainer Agreement.] Siegfried is requesting an award of attorneys' fees in the amount of $38,673, which is 25% of Plaintiff's total award of benefits. *See* Notice of Award at 3. Of this amount, Plaintiff will be refunded $6,800 for the Equal Access to Justice Act ("EAJA") fees this court approved on December 9, 2019. *See* Docket No. 26.

7
8
9

The Commissioner does not oppose Siegfried's request for fees. Instead, he presents an analysis of the requested fees in his role "resembling that of a trustee" for Plaintiff. *See* Response at 2.

10

## II.   LEGAL STANDARD

11
12
13
14
15
16
17
18
19
20
21
22
23

Under the Social Security Act, an attorney who successfully represents a claimant before a court may seek an award of attorneys' fees not to exceed 25 percent of any past-due benefits eventually awarded. 42 U.S.C. § 406(b). While contingency fee agreements are permissible in Social Security cases, section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In deciding whether a fee agreement is reasonable, courts must consider "the character of the representation and the results the representative achieved." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (quoting *Gisbrecht*, 535 U.S. at 808). The court "first look[s] to the fee agreement and then adjust[s] downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Id.* While a court may consider an attorney's lodestar in deciding whether an award of fees under section 406(b) is reasonable, "a lodestar analysis should be used only as an aid (and not a baseline) in assessing the reasonableness of the fee." *Laboy v. Colvin*, 631 F. App'x 468, 469 (9th Cir. 2016).

24
25

An award of fees under section 406(b) must be offset by any award of fees under EAJA. *Gisbrecht*, 535 U.S. at 796.

## III.   DISCUSSION

26
27
28

In this case, Siegfried reports that she spent 34.6 hours litigating this case, not including the hours she expended at the administrative level. *See* Docket No. 27-1, Declaration of Katherine

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    Siegfried ¶ 10; *see also* Docket No. 27-2, Timesheet.  Therefore, granting Siegfried's request of

2    $38,673 in attorneys' fees would result in an effective hourly rate of $1,117.71.[1]

3         Upon considering the record and arguments, the court finds that fees requested are

4    reasonable.  First, the requested fee amount does not exceed the statutory maximum of 25%.

5    Although Siegfried's timesheet lacks detail, the hours she expended on this case appear to be

6    reasonable.

7         Second, although Siegfried's effective hourly rate is high, *Gisbrecht* and *Crawford* makes

8    clear that lodestar methodology should not drive fee awards under section 406(b).  This is because

9    "the lodestar method under-compensates attorneys for the risk they assume in representing SSDI

10   claimants and ordinarily produces remarkably smaller fees than would be produced by starting with

11   the contingent-fee agreement."  *Crawford*, 586 F.3d at 1149; *see also Gisbrecht*, 535 U.S. at 806

12   (emphasizing that the lodestar calculation is intended to govern in fee-shifting cases, not fee awards

13   under section 406(b)).  Indeed, after *Gisbrecht*, "district courts generally have been deferential to

14   the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly

15   rates may exceed those for non contingency-fee arrangements."  *Hearn v. Barnhart*, 262 F. Supp.

16   2d 1033, 1037 (N.D. Cal. 2003) (Infante, J.).

17        Third, California district courts have awarded comparable or greater fees under section

18   406(b), including to Siegfried.  *See, e.g.*, *Anthony B. v. Berryhill*, No. 18-cv-03640-JSC, 2020 WL

19   7625436, at *1 (N.D. Cal. Dec. 22, 2020) (awarding Siegfried attorneys' fees in the amount of

20   $23,748, representing 25% of the total past-due benefits award); *Truett v. Berryhill*, 2017 WL

21

22   [1] The court calculates the effective hourly rate based on the requested fee award under section 406(b)
     without first deducting the EAJA fee award that will be refunded to Plaintiff.  This is because section
23   406 establishes the "exclusive regime for obtaining fees for successful representation of Social
     Security benefits claimants."  *Gisbrecht*, 535 U.S. at 795-96.  An attorney may receive fee awards
24   under both EAJA and section 406(b) but because section 406(b) fees are exclusive, the attorney
     must refund to the claimant the smaller of the fee awards.  *Id.* at 796.  In other words, the fee awards
25   under those statutes are independent of each other and the court must determine whether the total
     section 406(b) award is itself reasonable.  *See Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d
26   1215, 1217 (9th Cir. 2012) ("[A]n award under § 406(b) compensates an attorney for *all* the
     attorney's work before a federal court on behalf of the Social Security claimant in connection with
27   the action that resulted in past-due benefits." (emphasis added)); *see also Ainsworth v. Berryhill*,
     No. 16-cv-03933-BLF, 2020 WL 6149710, at *2 (N.D. Cal. Oct. 20, 2020) (calculating the effective
28   hourly rate before deducting the EAJA award).

1   3783892, at \*2 (S.D. Cal. Aug. 31, 2017) (awarding an attorney 24.9% of the plaintiff's past-due

2   benefits, which resulted in an effective hourly rate of $1,788.62); *Harrell v. Berryhill*, No. 16-cv-

3   2428-TSH, 2018 WL 4616735 (N.D. Cal. Sept. 24, 2018) (awarding $49,584.96 in attorneys' fees,

4   representing an effective hourly rate of $1,213.83 and 24.37% of the past-due benefits); *Ainsworth*

5   *v. Berryhill*, No. 16-cv-03933-BLF, 2020 WL 6149710, at \*2 (N.D. Cal. Oct. 20, 2020) (finding an

6   effective hourly rate of $1,325.34 reasonable);  *Ciletti v. Berryhill*, No. 17-cv-05646-EMC, 2019

7   WL 144584, at \*2 (N.D. Cal. Jan. 9, 2019) (granting a fee request for $35,442.00, which constituted

8   23.47% of the past-due benefits awarded).

9       Finally, nothing in the record suggests that Siegfried provided substandard representation.

10  She achieved a substantial award of past-due benefits for her client.  Plaintiff filed a declaration in

11  support of the current motion, indicating that she is satisfied with Siegfried's representation and

12  agrees that Siegfried should receive the requested award. *See* Docket No. 27-5, Declaration of Mary

13  Ann Young.

14      In light of the above considerations, the requested fee award is "not excessively large in

15  relation to the benefits achieved." *Crawford*, 586 F.3d at 1151.

16  **IV.    CONCLUSION**

17      For the reasons stated above, the motion for attorneys' fees is granted.  The court awards

18  fees in the amount of $38,673.  Siegfried shall refund Plaintiff the $6,800 previously awarded under

19  EAJA.

20

21

22      **IT IS SO ORDERED.**

23  Dated: June 14, 2021

24



25  Donna M. Ryu

Judge Donna M. Ryu

United States Magistrate Judge

26

27

28

*United States District Court*
*Northern District of California*

4